IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ALEJANDRO JOSE CAMACHO-GIL,<br><br>*Petitioner*,<br><br>v.<br><br>TODD BLANCHE, U.S. Attorney General; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement; MARCOS CHARLES, Acting Associate Director of Enforcement and Removal Operations; and ALEXANDER SANCHEZ, the Warden at the IAH Secure Adult Detention Facility,<br><br>*Respondents*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 9:26-CV-00692<br>JUDGE MICHAEL J. TRUNCALE |

**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Alejandro Jose Camacho-Gil ("Petitioner")'s Amended Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 5]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner is a citizen of Venezuela who entered the United States without being inspected or admitted on or about May 3, 2023. [Dkt. 1 at ¶ 1; Dkt. 5 at ¶ 21]. He was served with a Notice to Appear ("NTA") the next day, but then released on an Order of Release on Own Recognizance ("OREC"). [Dkt. 5 at ¶¶ 21–22]. On August 5, 2026, Petitioner was re-detained by ICE agents and

served with a second NTA. *Id.* at ¶¶ 26–27. His hearing before the immigration court was scheduled for November 9, 2026.[1] *Id.* at ¶ 30.

Petitioner filed a Petition for Writ of Habeas Corpus and Emergency Motion for Expedited Handling on August 31, 2026. [Dkts. 1, 2]. On October 16, 2026, Petitioner filed his Amended Petition for Writ of Habeas Corpus, now before the Court. [Dkt. 5]. As of that date, Petitioner had a pending Application for Asylum and Withholding of Removal and expected his immigration court proceedings to involve protection under the U.N. Convention Against Torture. *Id.* at ¶¶ 28–29. The Petition is ripe for review.

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). A petitioner is entitled to relief under § 2241 if he is held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025).

## III. DISCUSSION

### A. Due Process and Equitable Estoppel

Petitioner first challenges his detention under Fifth Amendment Due Process principles. [Dkt. 5 at ¶¶ 51–70]. Specifically, he claims that his continued detention violates both his procedural and substantive due process rights. *Id.* at ¶ 54. The claim fails under either theory.

#### *i. Procedural Due Process*

Petitioner argues that the Government's failure to provide him with an individualized hearing violated his due process rights and therefore entitles him to immediate release. *Id.* at ¶¶ 63–67. This

[1] The Court is unaware of the outcome of that hearing.

claim does not entitle him to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). This is because Petitioner's procedural due process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide an individualized hearing. *See* [Dkt. 5 at ¶¶ 63–67]. As will be explained more fully *infra*, Petitioner's unlawful entry and continued presence are valid bases to justify his re-detention under 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(c)(9). Accordingly, Petitioner's procedural due process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the cause of detention." *See Pierre*, 525 F.2d at 935. Due-process challenges to procedures like bond hearings, which "affect[ ] the timing of [a detainee's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21.

A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.* Here, a properly conducted bond hearing would not invariably result in Petitioner's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Petitioner's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. This is because, again, the alleged violation was not by way of Petitioner's detention, but the Government's failure to provide him with a bond hearing upon re-detention. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas

proceeding is not the proper arena for Petitioner to raise a procedural due process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

***ii. Substantive Due Process***

Petitioner's claim that his continued detention violates his substantive due process rights likewise fails. [Dkt. 5 at ¶¶ 68–70].

In *Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026), the Fifth Circuit rejected the argument that illegal aliens possess a fundamental right to be free from physical restraint such that they are entitled to additional process before detention. *Id.* at *9–12. The court showed that the Supreme Court "has long held that aliens do not gain a blanket 'liberty' interest by entering the United States or by continuing to reside here after entry," and that holding otherwise would clash head-on with Congress's well-established sovereignty over the field of immigration. *Id.* Accordingly, "Petitioners' detention pending removal proceedings did not violate any substantive due process right, and habeas relief is inappropriate under such a theory." *Id.* at *12.

So too here. Petitioner relies on a sweeping liberty interest in freedom from physical restraint to argue that he is entitled to release absent additional procedures. [Dkt. 5 at ¶¶ 52–53, 68–70]. But the Fifth Circuit foreclosed this argument for individuals in Petitioner's position. *See Rodriguez*, 2026 WL 3181188 at *11 (quoting *Washington v. Glucksberg*, 521 U.S. 701, 720–21 (1997)) ("Thus, any right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and cannot be a substantive due process right."). Petitioner's detention pending his removal proceedings is therefore justified.

***iii. Equitable Estoppel***

Petitioner also raises an equitable estoppel argument based on the alleged due process violations. [Dkt. 5 at ¶¶ 101–05]. Petitioner specifically argues that the Government's detaining him "in violation of [his] Fifth Amendment due process rights" constituted the affirmative misconduct

necessary to support an equitable estoppel claim. *Id.* at ¶ 104. This claim is denied because, as explained *supra*, the Government did not violate Petitioner's due process rights.

**B. Violation of the INA**

Petitioner argues that his detention violates the INA because he claims he is only subject to discretionary detention under 8 U.S.C. § 1226(a), but DHS purports to have detained him under § 1225(b)(2)(A). [Dkt. 5 at ¶¶ 71–77]. Even if Petitioner may only be detained under § 1226(a)—a conclusion the Court does not reach—his detention was still lawful. As Petitioner acknowledges, § 1226(a) allows DHS the discretion to detain aliens pending removal. *Id.* at ¶ 34; 8 U.S.C. § 1226(a). And though DHS further has discretion to release aliens on an OREC under that same provision, the other side of the discretion coin is DHS's latitude to re-detain aliens who were previously released. *See* 8 C.F.R. § 236.1(c)(9) ("When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director . . . in which event the alien may be taken into physical custody and detained."). This provides a valid, legal basis for the Government's decision to re-detain Petitioner after initially releasing him on an OREC. [Dkt. 5 at ¶¶ 22, 26–27]. Therefore, Petitioner's INA argument does not entitle him to habeas relief.

**C. APA**

Petitioner next argues that the Government violated the APA by failing to provide him with an individualized hearing and explanation for his detention. [Dkt. 5 at ¶¶ 78–89]. The Court lacks jurisdiction to decide the merits of Petitioner's APA claim because it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Factors such as Petitioner's lack of criminal history and pending humanitarian protection claims before the immigration court do not retroactively make his illegal entry lawful. Because Petitioner is an illegal entrant, the Government has authority to detain him at least under 8 U.S.C. § 1226(a), as explained *supra*, regardless of whether he has past criminal convictions or pending claims for humanitarian protection. Accordingly, Petitioner must bring his APA

claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

**D. Equal Protection Clause**

Petitioner also challenges his detention under the Fifth Amendment's "implicit guarantee of equal protection." [Dkt. 5 at ¶¶ 90–100]. He specifically argues that DHS's decision to reclassify him under § 1225(b) (which does not allow detainees to receive bond hearings) was a violation of equal protection because it treated him differently than aliens in removal proceedings under 8 U.S.C. § 1229a. [Dkt. 5 at ¶¶ 94–95]. But this claim is not cognizable in a habeas petition. DHS's decision to reclassify Petitioner has no bearing on the lawful basis of Petitioner's detention—the sole target of a habeas petition. *Pierre*, 525 F.2d at 935–36 ("[A habeas petition]'s sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."). A petition for habeas corpus is generally not the proper vehicle for challenging conditions of confinement or confinement-related procedures. *Carson*, 112 F.3d at 820–21. Detainees must challenge confinement-related procedures under 42 U.S.C. § 1983. *Id.* Because Petitioner's equal protection argument does not attack the legal basis of his detention, it is not proper in his habeas petition; it accordingly fails.

**E. Suspension Clause**

Petitioner's final claim is that his detention violates the Suspension Clause. [Dkt. 5 at ¶¶ 106–16]. As its name and text suggest, the Suspension Clause does not come into play unless the writ of habeas corpus is somehow "suspended." *See* U.S. Const. art. I, § 9, cl. 2; *United States v. MacCollom*, 426 U.S. 317, 322 (1976). Only Congress, or the President with Congress's authorization, may suspend the writ. *See Ex parte Bollman*, 8 U.S. 75, 101 (1807) ("If at any time the public safety should require the suspension of the [writ], it is for the legislature to say so."); *Ex parte Milligan*, 71 U.S. 2, 16 (1866). Here, neither Congress nor the President has suspended the writ. Section 1226 does not preclude habeas

review of pre-removal detention, and no executive action has purported to do so. *See* 8 U.S.C. § 1226. Accordingly, no suspension-clause violation has occurred.

## IV. CONCLUSION

For the reasons explained above, it is **ORDERED** that Alejandro Jose Camacho-Gil's Amended Petition for Writ of Habeas Corpus [Dkt. 5] is hereby **DENIED**. Any and all pending motions are **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 24th day of November, 2026.**

Michael J. Truncale
United States District Judge